IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Larry Gilyard, | ) |
| | ) C/A No. 2:05-1390-JFA-RSC |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| Jo Anne B. Barnhart, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Larry Gilyard, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for Disability Insurance Benefits ("DIB").

The plaintiff first applied for DIB on October 31, 2002, alleging disability since May 7, 2001 from a lower back injury. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on September 13, 2004. The Appeals Council denied plaintiff's request for review making the ALJ's decision final on March 25, 2005. The ALJ determined that the plaintiff was not disabled and made the following findings.

1. The claimant meets the nondisability requirements for a Period of Disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease of the lumbar spine is considered "severe" based on the requirements in the Regulations 20 CFR § 404.152.

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity to perform a limited range of sedentary work with no pushing or pulling over 10 pounds and limited stooping, twisting, crouching, kneeling, and climbing.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is an "individual closely approaching advanced age" (20 CFR § 404.1563).

9. The claimant has more than a "high school education" (20 CFR § 404.1564).

10. The claimant has transferrable skills from his past relevant work (20 CFR § 404.1568) to other semi-skilled jobs with sedentary exertional demands.

11. Although the claimant's exertional limits do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.15 as a framework for decision-making and considering the vocational expert testimony, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as an information desk attendant (570 jobs locally and 66,000 jobs nationally) and work doing medical answering services (350 jobs locally and 45,000 jobs nationally).

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

The plaintiff was 50 years old at the alleged onset of his disability. He attended high school, plus one year of college, and has past relevant work experience as a sanitation truck driver and military reservist.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368

F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation on December 1, 2005 recommending that the Commissioner's decision be affirmed and submitting that the ALJ's findings are supported by substantial evidence. Because the Report provides specific details of the facts in this case, such will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on December 1, 2005. As of the date

of this order, the plaintiff has filed objections to the Report and the Commissioner has responded to those objections. The matter now appears ripe for review.

The plaintiff's original complaint asserts that the Commissioner's findings that the plaintiff was not disabled lacks any substantial support from the evidence in the record. In his brief in opposition to the Commissioner's answer, the plaintiff presents the following questions:

(1) Did the ALJ properly evaluate the effects of plaintiff's mental and physical impairments, specifically depression and lower back injury with radiculopathy?

(2) Did the ALJ properly evaluate plaintiff's subjective complaints of pain?

In its brief, the Commissioner contends that there is substantial evidence to support the ALJ's determination that, while plaintiff's impairments prevented him from returning to his past work, they were not so limiting as to preclude him from performing even the minimal exertional requirements of a limited range of sedentary work. In addition, the Commissioner contends that the ALJ explicitly considered the lack of objective signs and findings to support the alleged degree of severity of plaintiff's impairments, the lack of evidence of prescribed medication for the allegedly disabling pain, and the lack of reports from treating physicians finding that plaintiff's impairments were functionally debilitating to the point of precluding all work.

In his objections, the plaintiff merely reasserts his contention that the ALJ committed reversible error in his credibility determination of the plaintiff and retorts that he had not

been taking prescription medicine because the worker's compensation insurance carrier would not pay for or approve them.

Having reviewed the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation proper. The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision was based upon substantial evidence. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

February 10, 2006
Columbia, South Carolina